Robert **BLITZ**, Appellant,

v.

Ray M. **DOWE**, Appellee.

No. 2524.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 8, 1960.

Decided April 7, 1960.

Samuel R. Blanken, Washington, D. C.,
for appellant.

Herman Miller, Washington, D. C., for
appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, §
11-776(b).

HOOD, Associate Judge.

Appellant Blitz was the payee of a second deed of trust note in the principal
sum of $5,500, with interest at 6%, payable
in monthly instalments of $60, such payments to be applied first to interest and the
balance to principal. Blitz sold the note to
appellee Dowe for $4,000, endorsing it
"With recourse as to principal only." Apparently the sale occurred immediately after
execution of the note and prior to any payments thereon. Payments to Dowe had
been made for several years when default
occurred. Foreclosure was had, and after
application of the proceeds there was a deficiency of $1,969.46. Dowe sued Blitz and
the maker for this sum and recovered judgment. Blitz alone has appealed and the
only question relates to his liability under
his endorsement "With recourse as to principal only."

At trial both Dowe and Blitz were permitted to give their versions of the events
leading to the endorsement. Dowe testified he knew nothing of the financial responsibility of the maker of the note and
that he agreed to purchase the note on the
condition that Blitz unqualifiedly endorse it;

that the note was prepared at a title company to which he sent his check, but he was not present when the note was endorsed; that when he received the note from the title company he saw the form of endorsement; and that although the endorsement was not in the form agreed upon he made no objection.

Blitz testified that when Dowe agreed to buy the note he said he wanted to be protected and that he .(Blitz) agreed "to be personally responsible on the note to the investment" of Dowe; that he was uncertain whether he or a clerk at the title company wrote the endorsement "With recourse as to principal only"; that it was his belief that the endorsement meant he would be responsible only to the extent of Dowe's investment, that is, to the extent of $4,000, the amount paid by Dowe.

On this appeal Blitz argues that the trial court should have adopted his version of the meaning of the endorsement, and that since Dowe admitted having collected $4,996.09 on the note, he had recovered more than his original investment, and consequently there was no further liability on the part of Blitz. We see no merit to this argument.

In the alternative Blitz argues that he should not have been held responsible for anything more than the difference between $5,500, the principal of the note, and $4,996.09, the amount which had been paid on it. His argument is that he was responsible at the most for the principal only and that the sums received by Dowe, whether credited to principal or interest, should for the purpose of determining liability under the endorsement, be credited to principal. Otherwise, he says, the words "as to principal only" are given no meaning or effect.

■ This argument ignores the fact that the note bore interest and provided that the payments be first applied to interest. This, of course, Blitz knew and he knew the principal sum of the note would not be credited with the entire amount of the payments. After foreclosure a balance remained due on the principal amount and since Blitz

assumed responsibility for the principal he is liable for that balance. He is not being held for a sum in excess of the principal.

■ Blitz also makes the point that the judgment awarded was less than the claimed amount of the balance due, and asserts that it is not clear how the court arrived at the amount awarded. We think it is fairly clear from the record that the court disallowed accumulated interest on the principal balance and also disallowed a payment advanced by Dowe on the first deed of trust note. Dowe does not complain of this disallowance and Blitz cannot complain because it was to his benefit.

Affirmed.